IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PAUL WELLS § | |
|     Plaintiff § | |
| § | |
| vs. § | C.A. NO. 2:17-cv-642 |
| § | JURY TRIAL DEMANDED |
| § | |
| TERRATHERM, INC. § | |
| § | |
|     Defendant § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

## INTRODUCTION

1.  Pursuant to 29 U.S.C. § 207 ("FLSA"), the named Plaintiff alleges violation of his statutory employment right to receive overtime pay from Defendant, TerraTherm, Inc. Plaintiff seeks his unpaid overtime, liquidated damages, all available equitable relief, attorney fees, and litigation expenses/costs, including expert witness fees and expenses.

## PARTIES

2.  Plaintiff Paul Wells is a resident of Karnack, Texas and was a resident of Karnack, Texas during his employment with Defendant TerraTherm, Inc.

3.  Defendant TerraTherm, Inc. has continuously been and is a contamination remediation company with its principal place of business located 151 Suffolk Lane, Gardner, MA 01440. Defendant's registered agent is Corporation Service Company, 84 State Street, Boston, MA 02109.

## JURISDICTION AND VENUE

4. This court has jurisdiction by virtue of 28 U.S.C. §§ 1331, and 1391. The Defendants maintain an office located within the Eastern District of Texas in Tyler, Texas, and the Court has subject matter jurisdiction and personal jurisdiction to hear the case. *See* 29 U.S.C. 201, *et seq*.

## COVERAGE

5. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

6. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

7. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprises have had and have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

8. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## FACTS

9. Plaintiff was employed by TerraTherm, Inc. from April of 2013 until he resigned on June 1, 2017. TerraTherm advises on, designs, builds and operates in situ thermal remediation projects. Within the three years prior to this case being filed, Plaintiff worked as a Site Safety and Health Officer (SSHO). Plaintiff was paid on a salary basis.

10. The work performed by Plaintiff for TerraTherm as a Site Safety and Health Officer was not exempt as defined under the FLSA as defined under 29 CFR part 451. The evidence at trial will show that Plaintiff was not paid overtime wages at one and one-half times his regular hourly rate for all hours worked in excess of 40 hours in a work week.

11. Plaintiff regularly worked between 50 and 60 hours per work week and did not receive overtime pay.

12. Plaintiff believes and, therefore, alleges that the failure of TerraTherm to pay overtime pay to Plaintiff was intentional.

## CLAIMS

13. The Fair Labor Standards Act (29 U.S.C. § 201, *et seq*.) is commonly referred to as "FLSA." Among other things, the FLSA statutes and the regulations promulgated thereunder govern the activities of the pay practices of employers involved in commerce. Plaintiff alleges that the failure to pay Plaintiff for all hours worked is a direct violation of the FLSA and its accompanying regulations. Plaintiff further alleges that the failure to pay Plaintiff one and one-half his properly calculated regular rate for all hours worked in excess of 40 hours in a work week is a direct violation of the FLSA statutes and regulations. Plaintiff is entitled to receive the unpaid wages due him, liquidated damages, costs, and attorneys' fees.

14. Additionally, Defendant has violated the FLSA regulations (29 CFR pt 516) regarding recordkeeping of the hours worked by Plaintiffs.

## JURY DEMAND

15. Plaintiff requests a jury trial.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that he recovers from Defendant the following:

1. The unpaid wages and overtime due to him;
2. Liquidated damages due to him as authorized by the applicable statutes;
3. Court costs;
4. Attorneys' fees; and
5. Such other and further relief as the Court deems just.

Respectfully submitted,

\_\_/s/_____
William S. Hommel, Jr.
State Bar No. 09934250
Hommel Law Firm
1404 Rice Road, Suite 200
Tyler, Texas 75703
903-596-7100
469-533-1618 Facsimile

ATTORNEY FOR PLAINTIFF